UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID RAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:12cv225 |
| | ) |
| FOREST RIVER, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a "Motion to Dismiss Plaintiff's ADA Claims"[1], filed by the defendant, Forest River, Inc. ("Forest River"), on July 2, 2012. The plaintiff, David Ramey ("Ramey"), filed his response on July 30, 2012, to which Forest River filed a reply on August 7, 2012.

Also on July 30, 2012, Ramey filed a "Motion for Leave to Amend Complaint". Forest River responded to this motion on August 7, 2012.

For the following reasons, the motion to dismiss will be granted and the motion to amend will be denied.

### Discussion

Ramey was employed at Forest River, a manufacturer of recreational vehicles, for approximately five months before he was discharged on or around March 28, 2011. In Mid-February, Ramey injured his shoulder at work. He sought treatment and was placed on light duty for three weeks. Ramey's doctor released him to return to work with no restrictions on or around

---

[1] The plaintiff has asserted claims under the Americans with Disabilities Act, the Indiana Workers Compensation Act, and the Indiana Wage Claim Act. The current motion and order relate only to the ADA claims.

March 21, 2011. Ramey was discharged one week later, on March 28, 2011.

Ramey alleges that he was discharged because of his disability/perceived disability/record of impairment in violation of the ADA and in retaliation for requesting a reasonable accommodation. Ramey filed a Charge of Discrimination with the EEOC on or around April 21, 2011 alleging disability discrimination and retaliation in violation of the ADA. The EEOC found no probable cause of discrimination and issued a Right to Sue letter on or about January 31, 2012. Shortly thereafter, on or around April 27, 2012, Ramey filed this lawsuit.

Forest River requests dismissal of Ramey's ADA claims on the basis that Ramey fails to sufficiently allege that he is disabled, is perceived to be disabled or has a record of a disability. Forest River also contends that Ramey fails to sufficiently allege facts to support that he was discriminated against in any way *because of* his alleged disability.

"A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, not its factual basis." *Alexander v. City of South Bend*, 256 F.Supp.2d 865, 869 (N.D. Ind. 2003). To survive a motion to dismiss, Ramey's allegations must conform to the pleading requirements of Fed. R. Civ. P. 8, which requires a "short plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified the intersection of Rules 8 and 12 in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

In *Twombly*, the Court explained that the pleading requirements of Rule 8 are designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555. Detailed factual allegations are not required, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do". *Id*. In *Iqbal*, the Court further

clarified that to survive a motion to dismiss under Fed. R. Civ. P. 12, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its fact. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.. . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. 129 S. Ct. at 1949. A complaint that does not state a "plausible claim for relief" is properly dismissed under Fed. R. Civ. P. 12(b)(6). *Id*. at 1950.

Forest River asserts that Ramey's complaint is devoid of factual allegations sufficient to support any of his ADA claims. Specifically, Forest River argues that Ramey has not sufficiently pled that he is disabled. To survive a motion to dismiss under the ADA, "[t]he first hurdle a plaintiff must pass... is the requirement that the plaintiff must be 'disabled." *Duncan v. State of Wisconsin Dept. of Health and Family Services*, 166 F.3d 930, 935 (7th Cir. 1999). An individual is disabled under the ADA if he: (1) has a mental or physical impairment that substantially limits a major life activity; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *A.B. Housing Authority of South Bend*, No. 3:11 CV 163 PPS, 2012 U.S. Dist. LEXIS 71016, *10-11 (N.D. Ind. May 18, 2012)(citing 42 U.S.C. § 12102(3)(A).

In evaluating Ramey's complaint, the court will also evaluate Ramey's proposed amended complaint, which Forest River contends suffers from the same deficiencies as the original complaint. In his amended complaint, Ramey states that he was "substantially impaired with respect to his ability to reach, grasp, carry, and otherwise work, given his serious shoulder injury which he incurred as a result of a work-related accident." Ramey also states that he was

3

regarded as disabled because Forest River discharged Ramey after he returned to work with no restrictions and that Forest River knew about Ramey's shoulder injury, possessed related medical information, and then fired Ramey.

Forest River points out that Ramey continues to allege that his shoulder injury lasted three weeks, during which time he performed light duty work. Clearly, impairments of short duration simply are not disabilities. *See Hopkins v. Godfather's Pizza, Inc*., 141 Fed. Appx. 473, 476 (7th Cir. 2005)(hand injury of less than one month not a disability); *Vande Zande v. State of Wisconsin Dept. of Administration*, 44 F.3d 538, 544 (7th Cir. 1995)(intermittent, episodic impairments like a broken leg are not disabilities). Consequently, Ramey's ADA claims fail on this basis. However, in an abundance of caution, this court will proceed to analyze the rest of Forest River's arguments.

Forest River argues that even if a temporary shoulder injury could be considered a disability, Ramey has not sufficiently alleged that Forest River regarded him as being substantially limited in a major life activity. Although Ramey states that Forest River must have regarded him as disabled because it discharged him, Ramey has not pled any facts to support the assertion that Forest River believed Ramey's shoulder injury substantially limited Ramey in some major life activity. *See Cigan v. Chippewa Falls Sch. Dist*., 388 F.3d 331, 335 (7th Cir. 2004); *Mora v. University of Texas Southwestern Med. Ctr*., No11-10279, 2012 U.S. App. LEXIS 4853. *4-5 (5th Cir. March 8, 2012)("regarded as" claim failed where plaintiff did not plead facts to support the assertion that her employer believed her impairment substantially limited her ability to work).

Forest River also maintains that Ramey has not sufficiently alleged that he had a record of

4

an impairment. Ramey contends that because Forest River knew about his shoulder injury and had medical information regarding the injury that this is sufficient to support a "record of a disability" claim. However, the law is clear that Ramey must allege that he had a record of an impairment that substantially limited him in a major life activity. *See Rooney v. Koch Air, LLC*, 410 F.3d 376, 381 (7th Cir. 2005)(that defendant had knowledge of and records of plaintiff's injuries and surgeries was not relevant to plaintiff's "record of" claim where plaintiff offered no evidence that he was substantially limited in any major life activity).

In any event, it is clear that Ramey has not pled a causal connection between his alleged disability and his discharge. Ramey has simply alleged that he was disabled and when he returned to work without restrictions he was fired. Ramey has failed to allege facts to link his alleged disability with his discharge from employment. *See Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999); *A.B. v. Housing Authority of South Bend*, Case N. 3:11 CV 163, 2011 U.S. Dist. LEXIS 101546, *15 (N.D. Ind. September 8, 2011)(allegation that defendants "'intentionally and maliciously' evicted [plaintiff] 'because of' or 'on the basis of [her] disability,' and unfairly treated [plaintiff] compared to 'similarly situated tenants'" was conclusory and insufficient under the pleading requirements of *Iqbal* and *Twombly*).

Finally, Forest River argues that Ramey has failed to sufficiently plead a retaliation claim. To state a claim for retaliation under the ADA, Ramey must allege that (1) he was engaged in a protected activity, (2) Forest River knew of Ramey's protected activity, (3) Ramey suffered an adverse action, and (4) a causal connection exists between the protected activity and the adverse action. *Sanders v. Illinois Department of Health-Care and Family Services*, No. 11-3445, 2012 U.S. Dist. LEXIS 53845 (C.D. Ill. April 17, 2012). Establishing this causal connection requires

5

allegations "'that the employer would not have taken the adverse action "but for" the protected expression.'" *Prince v. State Dept. Of Revenue*, 1:09cv05967, 2010 U.S. Dist. LEXIS 84915, *10 (N.D. Ill. August 2, 2010)(quoting *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 939 (7th Cir. 1996)).

In *Prince*, the plaintiff alleged that his employer retaliated against him after he requested reasonable accommodations for his alleged disabilities. The court granted the employer's motion to dismiss, concluding that the plaintiff had not sufficiently established a causal connection between the adverse action and his request for accommodation. In particular, the court noted that the plaintiff "does not allege that the people to whom he complained about his discrimination had anything to do with his suspension, and does not clearly explain the basis for his belief (beyond suspicious timing) that there was a causal link between his complaints of discrimination and the allegedly retaliatory actions that were taken against him." *Id*. at 11.

In the present case Ramey has only alleged that "he requested the reasonable accommodation of light duty work" (which was granted) and Forest River "retaliated against him for requested reasonable accommodations..." As Forest River points out, the Amended Complaint alleges no facts to support any causal connection between the request for light duty work and his discharge. Without such allegations, Ramey fails to state a valid claim for retaliation under the ADA.

Accordingly, Ramey's ADA claims will be dismissed. Further, as the proposed amended complaint fails to state a claim, the motion for leave to amend will be denied.

## Conclusion

On the basis of the foregoing, the defendant's motion to dismiss [DE 12] is hereby GRANTED and the plaintiff's motion for leave to amend complaint [DE 16] is hereby DENIED.

Entered: September 12, 2012.

s/ William C. Lee
William C. Lee, Judge
United States District Court
